IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MARK BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-6061-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Plaintiff filed this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's applications for disability insurance benefits and supplemental security income disability benefits. Plaintiff asserts disability beginning November 5, 2002, based on post-traumatic stress disorder, paranoid personality disorder, and sever chronic dermatitis. On July 28, 2006, an administrative law judge

1 - ORDER

(ALJ) found plaintiff not disabled and the Commissioner denied benefits.

Plaintiff asserts that the ALJ erred in: rejecting plaintiff's testimony; failing to give adequate consideration to the medical evidence; and finding that plaintiff retains the ability to perform his past work as tank truck driver.

A.  Credibility

Plaintiff noted his dermatitis as the primary reason for his inability to work.  Plaintiff testified to flare-ups of his dermatitis, lasting about two weeks, causing cracks in his skin, bleeding and itching.  Plaintiff testified that he has about one to one and half months between flare-ups.  Plaintiff also testified he does not go anywhere when he has these flare-ups.  Plaintiff argues the ALJ offered no reason for rejecting his testimony regarding the severity of his dermatitis and the length of the flare-ups.

The ALJ noted that if plaintiff complied with prescribed treatment his condition would likely improve. Tr. 17, 387.  The ALJ noted that despite complaints of severe dermatitis, plaintiff testified that he was unable to keep one job because his boss wanted him to lie or cheat and he stated that he had a high job turn-over rate because he doesn't "put up with shit."  Tr. 18, 402.[1]  The ALJ provided sufficient reasoning for rejecting

---

[1] The record also demonstrates instances lack of candor regarding treatment.  See, e.g., Tr. 308 (invalid MMPI-2); Tr. 294 (failure to follow through with treatment); Tr. 240 (issues of credibility).

2 - ORDER

plaintiff's credibility.  See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (statements indicating left job for reasons other than alleged pain and failure to seek treatment are sufficient reasons for rejecting credibility).

B.   Mental Health Professional Opinion

    1.   Dr. Harry Saslow

Dr. Saslow a psychologist with the Veterans' Administration (VA), opined that plaintiff has post-traumatic stress disorder and possibly paranoid personality disorder and is "probably unemployable."  Tr. 241.  Plaintiff argues the ALJ failed to address this opinion.  However, the ultimate opinion as to ability to work is reserved to the ALJ and opinions by medical sources need to address physical or mental limitations.  The ALJ did not err with respect to Dr. Saslow's opinion.

    2.   Dr. Daniel Dewsnup

Dr. Dewsnup, a treating VA provider, opined that plaintiff was unemployable based on PTSD and anger management issues.  Tr. 431. Plaintiff argues that the ALJ failed to properly reject this opinion.  As with Dr. Saslow, the ALJ need not accept ultimate conclusions and the ALJ did incorporate anger issues in her findings.

    3.   Disability Determination Services

A functional capacity assessment indicated that with respect

3 - ORDER

to social interaction, plaintiff would do well in an environment with a non-threatening supervisor. Tr. 335. Plaintiff contends the ALJ did not acknowledge this limitation. However, the notation is not a limitation. The DDS examiners did note marked limitations in interacting with the general public and the ALJ incorporated such limitation. Additionally, the ALJ included a limitation in working with co-workers.

### 4. Dr. Allan Kirkendall

Dr. Kirkendall, an examining psychologist, opined that plaintiff lacks interpersonal skills, is angry and intimidating, has impaired judgment, and is unwilling to engage in appropriate social interaction. Tr. 321-22. Plaintiff contends the ALJ did not give fair consideration to Dr. Kirkendall's report.

The ALJ appropriately considered the report and assigned limitations regarding interaction with people. Tr. 16.

## C. Past Relevant Work

Plaintiff does not specifically address his assignment of error regarding past relevant work. The ALJ appropriately considered plaintiff's testimony and the medical record and, in conjunction with testimony from a vocational expert, concluded that plaintiff retained the ability to return to his past work as a tank truck driver.

4 - ORDER

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed.

DATED this ___31st___ day of _____May_____, 2008.

                                                    s/ Michael R. Hogan
                                           UNITED STATES DISTRICT JUDGE